UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| LEROY PAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-42-JAR |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Leroy Payton's response to this Court's September 24, 2021 order directing him to file an amended complaint. For the reasons explained below, this action will be dismissed at this time, without prejudice.

### Background

Plaintiff initiated this action on June 21, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against Anne L. Precythe (the Director of the Missouri Department of Corrections), Dan Redington (the Warden of NECC), and "Unknown Bubble Officer." He sued the defendants in their individual capacities. He indicated an intent to bring Eighth Amendment failure-to-protect claims premised upon an attack perpetrated against him by a fellow inmate named James Cook. Plaintiff could be understood to claim the attack occurred because Unknown Bubble Officer failed to follow prison policies and procedures.

Plaintiff also indicated an intent to bring Eighth Amendment claims premised upon a denial of adequate medical care for a hand injury he sustained in the attack. He alleged he received medical care from a nurse after the attack, but he stated he believed he received inadequate medical care. He did not allege facts permitting the inference that any defendant

wrongfully denied or delayed medical care, but he did state he believed he had to wait too long to see a doctor. He claimed Precythe was liable to him because she was "legally responsible for the overall operations of the Department and each institution under its jurisdiction," and he claimed Redington was liable to him because he was "responsible for the operations of the prison and for the welfare of the inmates." (ECF No. 1 at 5). He sought monetary relief.

This Court reviewed the complaint under 28 U.S.C. § 1915(e)(2), and determined it was subject to dismissal because it failed to state a claim upon which relief may be granted. The Court did not dismiss the action at that time, and instead gave plaintiff the opportunity to file an amended complaint to cure the deficiencies. In that order, the Court clearly explained the applicable standards for bringing Eighth Amendment claims premised upon failure to protect and upon inadequate medical care, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court advised plaintiff, *inter alia*, that he was required to allege facts in support of his claims, and must explain how each defendant was personally involved in or directly responsible for causing harm. Plaintiff's response was due to the Court by October 25, 2021.

On October 22, 2021, plaintiff filed a response titled "Response to Order." (ECF No. 6). He writes:

> As it appears that I may bring an Eight[h] Amendment claim premised upon denial of adequate medical care, I would first have to exhaust administrative remedies (PLRA) 42 U.S.C. § 1997e(a) requires it. Time has expired for me to file a formal complaint not against MODOC but against medical as it stands, as an independent entity, 'Corizon.' In respects to legal proce[]dures and to avoid the risk of my case being dismissed, I do not wish to file an amended complaint to replace the original.

*Id.* Because plaintiff has clearly indicated he does not wish to file an amended complaint that would replace the original complaint, this action will proceed upon plaintiff's original complaint.

2

## Discussion

As explained in the Court's September 24, 2021 order, the original complaint fails to state a claim upon which relief may be granted, and is therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). The Eighth Amendment imposes a duty on prison officials to protect prisoners from violence at the hands of other prisoners. *Perkins v. Grimes,* 161 F.3d 1127, 1130 (8th Cir. 1998) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). However, only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. *Farmer,* 511 U.S. at 834. A prison official violates the Eighth Amendment if he or she "acts with deliberate indifference to a substantial risk of harm to the prisoner." *Perkins,* 161 F.3d at 1130 (citing *Farmer,* 511 U.S. at 834). The test for deliberate indifference has both an objective and a subjective component. To establish the objective component, a plaintiff must show he faced a substantial risk of serious harm, and to establish the subjective component, he must show that the prison official had a culpable state of mind; that is, that he actually knew of, but deliberately disregarded, that risk. *Blades v. Schuetzle,* 302 F.3d 801, 803 (8th Cir. 2002) (quoting *Perkins,* 161 F.3d at 1130).

In the case at bar, the Court will presume that plaintiff has established the objective component: that he faced a substantial risk of serious harm. However, the complaint contains no facts permitting the inference that any defendant, or any person who could be identified as a defendant, actually knew of, and yet deliberately disregarded, that risk. "[N]ot . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. Instead, the official must be aware of facts from which he could infer the existence of a substantial risk of serious harm, and he must also draw the inference. *Id.* at 837. The Eighth Amendment is not violated

3

when an official fails "to alleviate a significant risk that he should have perceived but did not." *Id.* at 838.

Plaintiff does allege that Unknown Bubble Officer failed to follow prison policies and procedures. However, those allegations do not state a claim of constitutional dimension. It is well established that an internal prison policy or procedure does not create a constitutional right, nor can a prison official's failure to follow such a policy or procedure give rise to a § 1983 claim. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability). Therefore, the Court concludes the complaint fails to state a plausible Eighth Amendment failure-to-protect claim.

The Eighth Amendment also requires prison officials to provide prisoners with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). To establish that a denial of medical care rises to the level of an Eighth Amendment violation, a plaintiff must plead facts that show that the defendant acted with deliberate indifference. *Id.* As noted above, the test for deliberate indifference has both an objective and a subjective component. In this context, to establish the objective component, a plaintiff must show he suffered from an objectively "serious medical need," which is a medical need that "has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted). To establish the subjective component, a plaintiff must show that the defendant actually knew of, and yet deliberately disregarded, that need. *Schaub*, 638 F.3d at 914.

In the case at bar, the Court will presume that the complaint sufficiently establishes that plaintiff had an objectively serious medical need. However, the complaint alleges no facts

4

permitting the inference that any defendant, or any person who could be identified as a defendant, actually knew of, and yet deliberately disregarded, that need. While plaintiff suggests he had to wait too long to see a doctor, he alleges no facts in support of that suggestion, nor does he explain how any defendant, or any other person, can be held responsible for any delay. Therefore, the Court concludes the complaint fails to state a plausible Eighth Amendment claim premised upon the denial of adequate medical care.

Plaintiff claims Precythe is liable to him because she was "legally responsible for the overall operations of the Department and each institution under its jurisdiction," and he claims Redington is liable to him because he was "responsible for the operations of the prison and for the welfare of the inmates." These allegations clearly sound in *respondeat superior*. As the Court previously advised plaintiff, he is required to allege facts showing how each defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

For all of the foregoing reasons, the Court concludes the complaint fails to state a claim upon which relief may be granted, and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). This is not a situation in which plaintiff should be given a second opportunity to file an amended complaint, as he refused to do so when previously given the opportunity and clearly stated he does not wish to file an amended complaint. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 26th day of October, 2021.

                                                                    _____
                                                                    JOHN A. ROSS
                                                                    UNITED STATES DISTRICT JUDGE